```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-26-12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ROBERT SPEED,

                Petitioner,

       -against-

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------------------x

10 Civ. 3333 (PKC)
04 Cr. 336 (PKC)

MEMORANDUM AND ORDER

P. KEVIN CASTEL, District Judge:

       Petitioner Robert Speed has filed a petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, asserting that he was denied the effective assistance of counsel in violation of the Sixth Amendment. For the reasons explained, the petition is denied.

       An eight-count Superseding Indictment against the petitioner was filed on October 18, 2005. (S3 04 Cr. 336, # 55 (PKC).) Following a ten-day trial, the jury found petitioner guilty on seven of eight counts, including counts that charged him with racketeering, conspiracy to commit racketeering, possessing or brandishing a firearm in furtherance of racketeering, conspiracy to transport and transporting stolen goods across state lines, and selling stolen property. He was found not guilty on charges of conspiring to rob narcotics proceeds. On May 22, 2006, the undersigned sentenced petitioner to a term of imprisonment of 420 months, to be followed by a term of supervised release of five years, and imposed a fine of $20,000, restitution in the amount of $505,342.74, and a mandatory special assessment of $700. (04 Cr. 336, # 73.)

       Petitioner subsequently filed a direct appeal to the United States Court of Appeals for the Second Circuit, which affirmed his conviction in a summary order dated April 7, 2008.

His petition for certiorari to the United States Supreme Court was denied on June 29, 2009. On April 20, 2010, the petitioner, who is pro se, filed the present petition.

The petitioner contends that he was denied the effective assistance of counsel, and that his Sixth Amendment rights were therefore violated. Under Strickland v. Washington, 466 U.S. 668, 688-90 (1984), a defendant must first overcome a presumption of effective representation by presenting evidence that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms. Second, the defendant must prove prejudice by showing a reasonable probability that but-for counsel's performance, the result would have been different. Id. at 693-94. It is insufficient to show that counsel's errors had "some conceivable effect" on the outcome. Id. at 693. Instead, the defendant must show "a probability sufficient to undermine confidence in the outcome." Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir. 1994). I address each of the petitioner's ineffective assistance claims in turn.

First, petitioner contends that his counsel failed to investigate his alibi defense and withheld alibi evidence from the jury. Specifically, he asserts that he underwent dental surgery the day of the "Hunt Drive" burglary that would have made it impossible for him to have participated in that burglary. Although Speed was not charged with committing the Hunt Drive Burglary—nor is it one of the racketeering acts found by the jury—the government presented evidence on his participation in that burglary as evidence of the conspiracy to commit racketeering. Speed asserts that he left his home around 5 p.m. on October 11, 2001, had dental surgery, stopped at a pharmacy and then went home. (Speed Aff. ¶ 7.) Even assuming that petitioner's assertions about the time and duration of his dental surgery are true, they do not provide an alibi for the time of the burglary—around 10:00 p.m.—and would not have entitled him to an alibi instruction to the jury because his defense is not inconsistent with guilt. (Speed

2

Pet. at 3.); See United States v. Kwong, 69 F.3d 663, 667 (2d Cir. 1995). Moreover, defense counsel could have reasonably made a tactical decision not to introduce evidence of Speed's dental surgery because it would have provided an additional explanation for the saliva found on a ski mask near the Hunt Drive burglary that matched Speed's DNA profile or been perceived as a false alibi that demonstrated consciousness of guilt. See Greiner v. Wells, 417 F.3d 305, 319 (2d Cir. 2005) (holding that an attorney is not ineffective where he does not pursue an argument that has a "significant potential downside"); Henry v. Poole, 409 F.3d 48, 64-66 (2d Cir. 2005) (noting that presenting a false alibi demonstrates consciousness of guilt).

Nevertheless, Speed asserts that defense counsel should have interviewed employees or had an expert testify about his ability to commit a burglary after dental surgery. (Speed Pet. At 19-24.) Defense counsel already had dental records corroborating the surgery and could have reasonably concluded that no additional investigation was necessary since the surgery did not provide an alibi for the time of the burglaries that evening. (Speed Pet. at 20.) Speed, therefore, has not established that counsel neglected "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Cullen v. Pinholster, 131 S. Ct. 1388, 1407 (2011) (emphasis in original; quotation marks omitted). Moreover, which witnesses to call on behalf of a defendant is generally a tactical decision left to counsel. United States v. Nersesian, 824 F.2d 1294, 1321 (2d Cir. 1987). A "decision not to request the services of an expert cannot be considered objectively unreasonable when [the defendant] has only presented his vague hope that another expert might have reached a different result." Leaks v. United States, 841 F.Supp. 536, 545 (S.D.N.Y. 1994). This reasoning also applies to Speed's contention that counsel should have called an expert witness to discuss the remote possibility that there was DNA on the ski mask belonged to someone else even though

3

the individual who conducted the DNA tests testified that the DNA on the mask came from a single source. (Tr. 1222.) The petitioner has not established unreasonableness in or prejudice resulting from counsel's failure to further investigate or present an alibi defense based on petitioner's dental surgery.

Second, Speed alleges that defense counsel improperly treated the evidence from the Hunt Drive burglary as insignificant. (Speed Pet. at 13, 41.) Specifically, he cites to examples in the trial transcript where defense counsel tried to deemphasize relevance of that evidence since it was not charged as a racketeering act. (Tr. 1613, 1637, 1654, 1655.) However, these examples are not inconsistent with defense counsel perceiving the evidence as significant and making a tactical decision to minimize its impact. This tactical decision cannot be deemed to have been objectively unreasonable. Moreover, defense counsel's cross-examination of the Hunt Drive burglary victim and of Speed's co-perpetrator of that crime, as well as his choice to call a witness to show that a man besides Speed could have committed that burglary, are evidence of his familiarity with that evidence and its significance. The petitioner has not established unreasonableness in or prejudice resulting from counsel's comments on the Hunt Drive burglary or failure to appreciate its significance.

Lastly, petitioner argues that defense counsel's failure to allege prosecutorial misconduct on appeal or to argue that a prior conviction was part of the charged racketeering conspiracy rendered him ineffective. The prosecutorial misconduct allegations are based on the assertion that the government failed to produce evidence of Speed's dental surgery and should not have referred to the dental surgery as a false alibi in front of the jury. (Speed Pet. at 48.) However, there is no evidence that the government withheld any evidence from Speed and defense counsel objected to the government's claim that the dental surgery did not provide an

4

alibi for the Hunt Drive burglary. (Tr. 1066-1068.) Even if Speed could establish "cause" for failing to raise his prosecutorial conduct claim on appeal, the claim fails because Speed suffered no prejudice since defense counsel already had the dental records and objected to the government's statement during trial. (Speed Pet. at 20.); See United States v. Pipitone, 67 F.3d 34, 38 (2d Cir. 1995) (holding that a petitioner is procedurally barred from litigating claims under 28 U.S.C. § 2255 if those claims were not first raised on direct appeal). Similarly, defense counsel did argue on appeal that Speed's prior conviction was part of the racketeering conspiracy and therefore was not ineffective for his alleged failure not to raise the issue on appeal. See United States v. Speed, 272 Fed. Appx. 88, at *3 (2d Cir. Apr. 7, 2008).

The evidence presented by the government at trial was overwhelming. Twenty-nine witnesses testified, including fourteen victims and two cooperating witnesses who described their own participation in the racketeering acts and enterprise and the charged conspiracy. The government also introduced thirteen written messages from Speed, which were intended to convince one of the cooperating witnesses to file a false affidavit to explain how Speed's DNA got on the ski mask found after the Hunt Drive burglary. The jury found that the government had proved seven acts of racketeering, five more than were necessary to convict him. See § 18 U.S.C. 1961. Notably, the Hunt Drive burglary is not one of the seven racketeering acts that the jury found to be proven by the government. Even if defense counsel's performance fell below an objectively reasonable standard with respect to the evidence from the Hunt Drive burglary, no prejudice could have resulted because there was sufficient additional evidence to support Speed's convictions.

CONCLUSION

The Petition is DENIED. The Clerk is directed to enter judgment for the respondent (10 Civ. 3333) and to terminate the Petition. (04 Cr. 336, Entry of 4/20/10.) Counsel for defendant shall provide plaintiff with copies of all unreported decisions cited herein.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: New York, New York
       March 26, 2012

                                             _____
                                             P. Kevin Castel
                                             United States District Judge