```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-10-12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                      Plaintiff,

      -against-

ROBERT SPEED,

                    Defendants.
-----------------------------------------------------------x

04 Cr. 336 (PKC)
10 Civ. 3333 (PKC)

MEMORANDUM AND ORDER
ON RECONSIDERATION

P. KEVIN CASTEL, District Judge:

      Petitioner Robert Speed, pro se, moves for reconsideration of this Court's Memorandum and Order of March 26, 2012 denying defendant's motion under 28 U.S.C. § 2255. See USA v. Speed, No. 10 Civ. 3333 (PKC), 2012 WL 1003469 (S.D.N.Y. Mar. 26, 2012). Familiarity with the Memorandum and Order is assumed. For the reasons set forth below, the motion is denied.

      Local Civil Rule 6.3, elaborating on Rule 59(e), Fed. R. Civ. P., allows a party to move for reconsideration as to "matters or controlling decisions which counsel believes the court has overlooked." U.S. Dist. Ct. Rules S. & E.D.N.Y., Civ. R. 6.3; see Truong v. Charles Schwab & Co., Inc., 07 Civ. 8085 (SHS), 2009 WL 464452, *1 (S.D.N.Y. Feb. 24, 2009) (internal quotation marks and citations omitted). The standards for granting a motion to reconsider are strict: "[r]econsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Cordero v. Astrue, 574 F.Supp.2d 373, 380 (S.D.N.Y. 2008) (internal quotation marks and citations omitted).

"Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003) (citation and quotation marks omitted). While a court may grant the motion "to correct a clear error of law or prevent manifest injustice," Munafo v. Metro. Transp. Auth., 381 F.3d 99, 105 (2d Cir. 2004), "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

The petitioner asks this Court to consider whether the Supreme Court's decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012), which was decided six days prior to this Court's Memorandum and Order denying the defendant's habeas petition, entitles him to resubmit his habeas claims with the assistance of counsel. Martinez held that an ineffective-assistance-of-trial-counsel claim that has been procedurally defaulted because of a state-law requirement that it be raised at the initial state collateral review proceeding could nevertheless be heard by a federal habeas court if the defendant was not represented by counsel, or received the ineffective assistance of counsel, at the state collateral proceeding. As this Court's March 26, 2012 decision did not rest on a conclusion that the defendant's claims were procedurally defaulted, Martinez is not controlling precedent that might reasonably be expected to alter this Court's decision.

Petitioner also "moves this Court pursuant to Rule 52(b)." (Pet. at 2.) Interpreting the petition generously, it asks that the court reconsider its decision because it is based on a plain error that affects substantial rights. However, petitioner does not identify the error or provide any additional information from which the alleged error could be identified.

As there is no fact or controlling precedent that might reasonably be expected to

alter this Court's decision, the defendants' motion for reconsideration is DENIED (Docket # 89).

      SO ORDERED.

_____<br>P. Kevin Castel<br>United States District Judge

Dated: New York, New York
      May 8, 2012